# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SANDRA K. CASSELLA,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1503**  (BOR Appeal No. 2045678)
(Claim No. 2010119208)

**MYLAN PHARMACEUTICALS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sandra K. Cassella, by C. Matt Rollins, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Mylan Pharmaceuticals, Inc., by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 3, 2011, in which the Board reversed a February 10, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's June 25, 2010, decision denying authorization for pain clinic treatment. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Cassella was a quality assurance coordinator for Mylan Pharmaceuticals, Inc. On December 29, 2009, she injured her lower back while lifting folders from a low shelf. Her claim

1

was held compensable for a sacroiliac sprain. Ms. Cassella was then evaluated by Dr. Miller, who requested authorization from the claims administrator for pain clinic treatment. At the request of the employer, Dr. Thaxton reviewed the claim. Dr. Thaxton concluded that the claims administrator should not authorize the requested treatment because it related to symptoms which pre-existed Ms. Cassella's compensable injury. Based on Dr. Thaxton's review, the claims administrator denied authorization for pain clinic treatment on March 23, 2010. Dr. Martin then performed an independent medical evaluation of Ms. Cassella's claim. Dr. Martin attributed Ms. Cassella's condition to the natural progression of non-work-related spinal stenosis. Following grievance proceedings, the claims administrator issued a final decision, on June 25, 2010, denying authorization for pain clinic treatment. The Office of Judges, however, reversed the claims administrator's decision, on February 10, 2011. The Office of Judges authorized epidural steroid injections and pain management treatment as reasonable medical treatment secondary to the compensable injury. On October 3, 2011, the Board of Review reversed the Office of Judges and reinstated the claims administrator's June 25, 2010, decision, leading Ms. Cassella to appeal.

In its February 10, 2011, Order, the Office of Judges concluded that the requested epidural steroid injections and pain management treatment constituted reasonable medical treatment secondary to Ms. Cassella's compensable condition. The Office of Judges found that the reports of Dr. Thaxton and Dr. Martin were not determinative. The Office of Judges recognized that Ms. Cassella had a history of low back pain prior to her compensable injury. But it found that Ms. Cassella's lumbar spine condition was aggravated by the compensable injury of December 29, 2009, and warranted reasonable medical treatment in the form of epidural steroid injections and pain management.

The Board of Review reversed the Order of the Office of Judges on October 3, 2011, and reinstated the claims administrator's June 25, 2010, decision, denying pain clinic treatment. The Board of Review found that Ms. Cassella had a long history of back pain and that her current symptoms were not related to her compensable injury. The Board of Review based its determination, in part, upon the reports of Dr. Thaxton and Dr. Martin.

The conclusions of the Board of Review were clearly wrong based upon the evidentiary record. Ms. Cassella has demonstrated that the request for pain clinic treatment is reasonably related and medical necessary to treat her compensable injury. Although Ms. Cassella had a history of low back pain prior to her compensable injury, the evidence of the record demonstrates that her injury on December 29, 2009, aggravated her prior lumbar spine condition. The requested epidural steroid injections and pain management treatments are reasonably related to treat her compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is so clearly wrong based on upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is reversed and the case is remanded with direction to the Board of Review to reinstate the Order of the Office of Judges.

Reversed and remanded.

**ISSUED:   October 24, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING**
Justice Robin J. Davis